UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC.
d/b/a BJ's Wholesale Club #357

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant BJ's Wholesale Club, Inc. ("Defendant") doing business as BJ's Wholesale Club #357 for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges the following:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida.

4. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

1

**PARTIES**

5.  Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6.  Defendant BJ's Wholesale Club, Inc. is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

7.  Defendant is the owner of a membership only retail establishment which Defendant has branded as "BJ's warehouse club(s)." Defendant operates over 210 BJ's warehouse clubs in seventeen states[1].

8.  BJ's warehouse club stores are membership only, but membership is available to the general public (individual customers and businesses) at a minimal cost[2].

**FACTS**

9.  At all times material hereto, Defendant has been operating BJ's Wholesale Club #357 which is located at 7050 Coral Way, Miami, Florida 33155. BJ's Wholesale Club #357 is open to the public who so choose to purchase an annual membership.

10. BJ's Wholesale Club #357 is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) as an "other sales or rental establishment."

11. In addition to operating a retail establishment, BJ's Wholesale Club #53 also operates a food court which sells pizza and drinks (among other things). As such it meets

---

[1] https://www.bjs.com/clubLocator
[2] Cost is $55 per year, see https://en.wikipedia.org/wiki/BJ%27s_Wholesale_Club

the definition of a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink."

12. BJ's Wholesale Club #357 is also referenced as "Club #357," "warehouse club," "store," and/or "place of public accommodation."

13. As the operator of a food court which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns, or operates a retail establishment and a food court pursuant to 42 §§12181(7)(B) & (E), which subjects Defendant to the prevue of U.S.C. §12182 and 28 C.F.R. §36.104.

14. On March 10, 2020 (which is prior to instituting this action) Plaintiff personally visited Defendant's BJ's Wholesale Club #357 store and food court. While at the store, Plaintiff decided to purchase a meal.

15. The Plaintiff was denied full and equal access to the food court because the tables which Defendant had provided for customers of the food court to sit and eat their purchased meal included affixed seating which prohibited Plaintiff from moving his wheelchair up to the table in order to enjoy his meal as made available to the general public.

16. Plaintiff was unable to enjoy his meal at the food court tables, therefore was denied full and equal access to (and full and equal enjoyment of) Club #357's food court.

17. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize BJ's Wholesale Club #357 and dine at the food court located therein but continues to be injured in that he continues to be

discriminated against due to the architectural barriers which remain therein in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the law offices of J. Courtney Cunningham, PLLC and have agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since almost 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Defendant is subject to the provisions of 42 U.S.C. §§12181(7)(B) & (E) and 28 C.F.R. §36.104 because it is the operator of BJ's Wholesale Club #357 store and food court which is open to the public, which means that it is a place of public accommodation governed by the ADA, and therefore must be in compliance therewith.

24. By failing to accommodate individuals with wheelchairs who wish to eat their food purchases at the tables provided within its food court, Defendant discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to (and the benefits of) the accommodations and services offered by Defendant to the public at its Club #357 store and food court location.

27. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's Club #357 location with the intention of patronizing the food court located within the Club #357 store for the purpose of purchasing and eating a meal therein, but as an individual with a disability who utilizes a wheelchair for mobility, Plaintiff was denied adequate accommodation by virtue of being unable to eat a meal at the tables provided within the food court expressly for that purpose. Due to Club #357's inaccessible features, Plaintiff suffered an injury in fact.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, under which said Department

5

may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. BJ's Wholesale Club #357 (a place of public accommodation) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* therefore, Defendant is discriminating against Plaintiff under the following specific violations:

   i. The entrance of the food court and the tables situated therein do not have signage displaying the international symbol for accessibility, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

   ii. As to the food court area within Club #357, failure to comply with the general requirements of 28 C.F.R. Part 36, Section 5.1; 2010 ADA Standards for Accessible Design;

   iii. Pursuant to 28 C.F.R. Part 36, Section 4.32.1, as to the fixed built-in seating tables within the food court, failure to provide a number of tables which are accessible pursuant to 28 C.F.R. Part 36, Section 4.1 and in compliance with Section 4.32; and

   iv. The toilet protector dispenser within the accessible toilet compartment is at an inaccessible height in violation of 28 C.F.R. Part 36, Section 4.22.7 and Section 4.23.7.

30. Correction of these violations would not fundamentally alter Defendant's services or facilities (2 U.S.C. § 12182(b)(2)(A)(ii)) and is readily achievable.

31. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendant is required to make its retail stores and the food courts located therein accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant

Plaintiff injunctive relief, including an order to alter the food court dining area therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant BJ's Wholesale Club, Inc. and requests the following injunctive and declaratory relief:

a) The Court declares that Defendant's BJ's Wholesale Club #357 is in violation of the ADA;

b) The Court enter an Order requiring Defendant to alter the food court within Club #357 such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities and undertake and complete corrective procedures to its place of public accommodation located at 7050 Coral Way, Miami, Florida 33155.

d) The Court award reasonable attorney's fees and costs to Plaintiff; and

e) The Court award such other and further relief as it deems necessary, just and proper.

Dated: March 30, 2020.                    Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*